UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE A. TRIPP,

      Petitioner,

Case No. 25-cv-10626
Hon. Matthew F. Leitman

v.

ERIC RARDIN,

      Respondent.
_____/

## ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) WITHOUT PREJUDICE

Petitioner Wayne A. Tripp is a federal prisoner in the custody of the Federal Bureau of Prisons (the "BOP"). On March 4, 2025, Tripp filed a petition for writ of habeas corpus in this Court under 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.) In the petition, Tripp seeks an order compelling the BOP to transfer him to a medical facility or home confinement. (*See id.*) For the reasons explained below, the Court will summarily dismiss the petition without prejudice because Tripp's request for relief is not available under Section 2241. Tripp must instead seek that relief in a civil action under 28 U.S.C. § 1983.

I

On November 23, 2022, Tripp pleaded guilty in the United States District Court for the Western District of Missouri to possession with intent to distribute

cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (*See United States v. Tripp*, W.D. Mo. Case No. 21-00003-01, Dkt. Nos. 128, 129.) The Missouri District Court then sentenced Tripp to 96 months of imprisonment with a recommendation that Tripp "be screened for placement at a medical facility." (*Id.*, Dkt. No. 138.)  That recommendation stems from a 2017 accident during which Tripp suffered injuries after being thrown through the windshield of a city bus. Tripp was diagnosed with post-traumatic stress disorder after the bus accident, and he also suffers from depression and bipolar disorder. (*See id.*, Dkt. No. 136.)

After Tripp was transferred to FCI Milan, where he is currently incarcerated, he filed administrative complaints asking to be transferred to a medical facility. (*See* Pet., ECF No. 1, PageID.17.)  The BOP denied his requests. (*See id.*, PageID.18-19, 22.)  Tripp then filed his petition in this Court.

## II

Federal courts can dismiss a habeas petition that is legally insufficient on its face. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

The relief Tripp seeks, a transfer to a medical facility, may not be obtained through a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006).  A challenge to a

prisoner's place of his incarceration must instead be pursued through a civil rights action. *See Muhammed v. Close*, 540 U.S. 749, 750 (2004) (explaining that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action"); *Martin v. Overton*, 391 F.3d 710, 712-14 (6th Cir. 2004) (concluding that a petitioner's Section 2241 petition seeking a transfer to a different facility for medical treatment should have been brought in an action under 42 U.S.C. § 1983). Where, as here, a prisoner files a Section 2241 petition complaining about the conditions of his confinement and seeking transfer to a different prison, the proper course is to deny the petition without prejudice to allow the prisoner to assert his claims in a civil rights action. *See Martin*, 391 F.3d at 714.

### III

Accordingly, for the reasons explained above, the Court **SUMMARILY DISMISSES WITHOUT PREJUDICE** Tripp's petition for writ of habeas corpus. *See* 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases.

The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision cannot be taken in good faith. Tripp is therefore **DENIED** permission to appeal this decision *in forma pauperis*.

Finally, the Court notes that a certificate of appealability is not needed to appeal the denial of a habeas petition filed under §2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 11, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 11, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

`